IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GARY N. GUNN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:19-cv-00997 |
| BRP, INC. and BRP US INC., | ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE FRENSLEY |
| Defendants. | ) | |

## MEMORANDUM

Pending before the Court is Defendant BRP, Inc.'s ("BRP") Motion for Summary Judgment. (Doc. No. 81). Plaintiff Gary N. Gunn ("Mr. Gunn") filed a response in opposition (Doc. No. 84), and BRP filed a reply (Doc. No. 95). For the reasons discussed below, BRP's motion will be denied.

### I. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party, and draws all reasonable inferences in favor of the nonmoving

party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

## II. ANALYSIS

This is a product liability case about a three-wheel motorcycle, a 2018 Can-Am Spyder, designed and produced by BRP. (*See* Doc. No. 1). Product liability actions brought under Tennessee law are governed by the Tennessee Products Liability Act of 1978, Tennessee Code Annotated § 29-28-101, *et seq.* (the "TPLA"). "To succeed in a TPLA action, a plaintiff must establish that '(1) the product was defective and/or unreasonably dangerous, (2) the defect existed at the time the product left the manufacturer's control, and (3) the plaintiff's injury was proximately caused by the defective product.'" *Kines v. Ford Motor Co.*, 558 F. Supp. 3d 614, 627 (W.D. Tenn. 2021) (quoting *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008)); *see, e.g., Hill v. Kia Motors Am., Inc.*, 2022 WL 557823, at *7 (6th Cir. Feb. 24, 2022) ("No matter what theory (or theories) of liability under which a party proceeds—e.g., strict liability, negligence, breach of warranties, or failure to warn—the same three-pronged prima facie case applies in all TPLA cases.") (citing Tenn. Code Ann. § 29-28-102(6)).

Through its pending motion for summary judgment, BRP asserts that Mr. Gunn cannot establish the first or third elements of his TPLA claims. (*See* Doc. No. 82 at 6-7). As to the first element, BRP contends that Mr. Gunn cannot establish that the product was defective and/or

2

unreasonably dangerous because his expert witness, Pete Sullivan, has not identified a specific design or manufacturing defect. (*See id.* at 12 ("[Sullivan's] failure to identify a specific defect in the park brake system precludes Plaintiff from making a *prima facie* product liability case.")). In his response, Mr. Gunn points to evidence that Mr. Sullivan concluded that the parking brake was unreasonably dangerous because the parking brake module was defective and caused the parking brake to engage while it was operating. (Doc. No. 86 at 12 (citing Sullivan Declaration, Doc. No. 87-5 ¶¶ 8-9; Sullivan Deposition Trans., Doc. No. 81-1 at PageID # 1328, 1326; Sullivan Report, Doc. No. 87-4 at PageID # 1503)). Viewing the evidence in the light most favorable to Mr. Gunn, the Court finds that there are material questions of fact in dispute as to whether the 2018 Can-Am Spyder was defective and/or unreasonably dangerous.

As to the third element, BRP argues that Mr. Gunn cannot establish proximate cause because Mr. Sullivan did not rule out Mr. Gunn's leather jacket as a possible cause. In his response, Mr. Gunn points to Mr. Sullivan's deposition testimony explaining why the leather jacket was not the cause and Mr. Sullivan's expert report, which rules out other possible causes of the rear wheel locking up. (*See* Doc. No. 86 at 13-14). BRP filed a reply that did not address Mr. Gunn's above cited evidence with respect to proximate cause. (*See* Doc. No. 95).

As BRP has neither presented affirmative evidence that negates an element of Mr. Gunn's claims nor demonstrated the absence of evidence to support his claims, it has not met its burden as the moving party to show the absence of a genuine dispute of material fact as to at least one essential element. *See Wilson v. Gregory*, 3 F.4th 844, 855 (6th Cir. 2021). Accordingly, for all of the foregoing reasons, BRP's motion for summary judgment will be denied.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE